UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Daveena Johnson, ) | |
| ) | |
| Debtor/Judgment Creditor, ) | |
| ) | Case No. 18-28785 |
| v. ) | |
| ) | |
| Edgar Rueda ) | Chapter 13 |
| ) | |
| Judgment Debtor, ) | |
| ) | Judge Deborah L. Thorne |
| JP MORGAN CHASE BANK NA, ) | |
| ) | |
| RESPONDENT ) | |

## CITATION TO DISCOVER ASSETS TO A THIRD PARTY

To:   JPMorgan Chase & Co.
      Court Orders and Levies Department
      P.O. Box 183164
      Columbus, OH  43218-3164
      Via Fax:       866-699-0618

AND   Jamie Dimon
      Chief Exe Officer
      JP Morgan Chase Bank
      270 Park Avenue
      New York, NY 10017

YOU ARE REQUIRED to either file your answer to this Citation on the form appearing on the form below or appear on April 10, 2019 before Judge Judge Deborah L. Thorne at 9:30 a.m. in Courtroom 613 located in the Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street, Chicago, IL 60604.

Judgment was entered on **February 6, 2019** in favor of **Daveena Johnson** and against **Edgar Rueda** in this court under case number **18-B-28785** in the sum of **$13,242.00**. There is now due, less credit and off-set, sum of **$13,242.00** (Judgment Balance). Further sums may become due as costs and interest accrue.
A copy of the Judgment is attached hereto.

This is to certify that the within and attached document is a full, true and correct copy of the original thereof as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois.

JEFFREY P ALLSTEADT
CLERK OF COURT
By _____
    Deputy Clerk
Dated  2/27/19

1

Your answer will inform the Court as to property you may hold belonging to **Edgar Rueda.** (Judgment Debtor):

**You are PROHIBITED from making or allowing any transfer or other disposition of, or interfering with any property not exempt from the enforcement of a judgment, a deduction order or garnishment, property belonging to the judgment debtor or to which s/he may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt, which are due to the judgment debtor. This prohibition shall remain in effect until further order of court or termination of the proceeding. You are not required to withhold the payment of any monies beyond double the amount of the total sum due the judgment creditor.**

If the account consists solely of funds that can be identified as exempt under federal or state law, you are PROHIBITED from FREEZING THE ACCOUNT and YOU MUST RESPOND that the account consists solely of exempt funds. Deposited funds that are exempt under federal and state law include Social Security, SSI, veteran's benefits, Railroad Retirement benefits, public assistance benefits, unemployment compensation benefits and/or circuit breaker property tax relief benefits.

WARNING: Your failure to comply with the citation proceeding may result in a judgment being entered against you for the unsatisfied amount of this judgment. 735 ILCS 5/2-1402(f)(1).

WARNING: YOUR FAILURE TO APPEAR IN COURT OR FILE YOUR ANSWER AS DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

# CERTIFICATION

**Under penalties as provided by law pursuant to 1-109 of the Code of Civil Procedure 735 ILCS 5/1-109, the undersigned certifies that the above information regarding the amount of the judgment, the date of the judgment, or its revival date, the balance due thereon, the name of the Court and the number of the case is true and correct.**

**ATTY NO 6284659**
**Penelope N. Bach**
**Bach Law Offices, Inc.**
**PO Box 1285**
**Northbrook, IL 60065**
**Tele 847-564-0808**
**Fax 847-564-0985**

Signature: 

## ANSWER OF THIRD PARTY RESPONDENT CITATION
This first section must be filled out by the judgment creditor.
Citation/Respondent: JPMorgan Chase & Co.
Court Date: 4/10/2019   9:30 am room  613 at 219 S Dearborn St, Chicago IL 60604
Defendant's Name: Edgar Rueda.
Case No. 18-28785
Judgment Balance: $13,242.00
This is a Citation: Freeze up to double the Judgment Balance.

## INTERROGATORIES
1. On the date of service of the citation, did you have in your possession, custody or control any personal property or monies belonging to the judgment debtor? ☐ Yes   No
*IF THE ANSWER IS "YES" GO TO NEXT QUESTION. IF "NO" GO TO INSTRUCTIONS.*

2. Is this an IRA account? Or have all of the deposits made during the past 90 days been electronically deposited and identified as exempt Social Security, Unemployment Compensation, Public Assistance, Veteran's Benefits, Pension or Retirement or by a source drawing from any other statutory exemptions? ☐ Yes   No

3

*IF THE ANSWER IS "YES" GO TO NEXT QUESTION. IF "NO" GO TO INSTRUCTIONS.*

3. Is/Are the account(s)' current balance equal to or less than the total of the exempt deposits?
☐ Yes   No

*IF YOU ANSWERED "YES" TO ALL 3 QUESTIONS AND FUNDS IN THE ACCOUNT(S) ARE EXEMPT, DO NOT FREEZE THE FUNDS AND GO TO "INSTRUCTIONS" BELOW.*

4.   ACCOUNT BALANCE   AMOUNT WITHHELD
A) Savings Account   $_____   $_____
B) Check/MMA/Now Account   $_____   $_____
C) Certificate of Deposit   $_____   $_____
D) Trust Account/Other   $_____   $_____
(Describe) _____
E) Safety Deposit ☐ Yes   No
F) Land Trust No. _____
G) *Less* Right of Offset for Loans   $_____
TOTAL AMOUNT FROZEN:   $_____

5. List all electronic deposits into account(s) and their source(s) except deposits:
Account Number       Source       Monthly Amount
_____   _____   $_____
_____   _____   $_____
_____   _____   $_____

6. List all joint account holders or adverse claimants:
Name_____   Name_____   Name_____
Address_____   Address_____   Address_____

Account Type:   Account Type:   Account Type:
☐ Checking   ☐ Checking   ☐ Checking
☐ CD Savings   ☐ CD Savings   ☐ CD Savings
Account Number:   Account Number:   Account Number:

**INSTRUCTIONS**
(1.) Fill out and sign the certification below. (2.) This Answer must be filed at least three (3) days before the court date to assure timely processing. (3.) Fax or mail a copy of this Answer to (i) the Court, (ii) Plaintiff's attorney and (iii) Judgment Debtor. (4.) You will receive a copy of a Court Order by fax or mail instructing you how to proceed and where to send any withheld funds.

4

**CERTIFICATION**

Under the penalties as provided by law pursuant to Section U.S.C. § 1746(2), the undersigned certifies that the statements set forth in this instrument are true and correct and that I have mailed this Answer to Defendant(s).

Date: _____        Print Agent Name: _____
Respondent Name: _____  Signature of Agent: _____
Address: _____
Telephone: _____
FAX: _____

By: _____
Attorney for Judgment Creditor

**ATTY NO 36659**
**Penelope N. Bach**
**Bach Law Offices, Inc.**
**PO Box 1285**
**Northbrook, IL 60065**
**Tele 847-564-0808**
**Fax 847-564-0985**
**pnbach@bachoffices.com**

## CERTIFICATE OF SERVICE

I, <u>Penelope N. Bach</u>, an attorney, certify that I shall cause to be served a copy of Plaintiff's <u>Judgement Creditor's Citation to Discover Assets to a Third Party</u> upon the following individual(s), via the following method(s) as indicated, this day of <u>February 27, 2019</u>:

*Defendant(s)*
Edgar Rueda            Via Facsimile to: 224-281-4683

Robert A. Cohen        Via First Class Mail and Facsimile to: 312-276-8089
The Rob Cohen Law Office, LLC
6117 West Touhy Avenue
Chicago, Illinois 60646

5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Daveena Johnson<br><br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>) BK No.: 18-28785<br><br>Chapter: 13<br>Honorable Deborah L. Thorne |

### Order Vacating Contempt Order and Entry of Order for Money Judgment

This matter having come before this Court on the motion for reconsideration (Rule 9024) of petitioning creditor Eduardo Rueda, Mr. Rueda having testified as to his inability to satisfy the December 13, 2018 order entered against him; and the court otherwise being advised in the premises;

IT IS HEREBY ORDERED THAT:

1. This court's January 3, 2019 Order holding Edgar Rueda in contempt is vacated as to the finding of contempt.
2. Money judgment is entered against Edgar Rueda for damages for violation of the automatic stay in the amount of $13,242.
3. This order supersedes the December 13, 2018 Order as to the damages and sanction amounts.

Enter:

Honorable Deborah L. Thorne
United States Bankruptcy Judge

Dated:  06 FEB 2019

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. The JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $ 4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $ 2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $ 1,500 in value, in any implements, professional books, or tools of the trade of the debtor.
(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $ 15,000, which homestead is exempt from judgment.
(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.
(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.
(5) Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at (insert address of clerk). When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing. This notice may be sent by regular first class mail."

(c) When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:

(1) Compel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his or her possession or control, so discovered, capable of delivery and to which his or her title or right of possession is not substantially disputed.

(2) Compel the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, a portion of his or her income, however or whenever earned or acquired, as the court may deem proper, having due regard for the reasonable requirements of the judgment debtor and his or her family, if dependent upon him or her, as well as any payments required to be made by prior order of court or under wage assignments outstanding; provided that the judgment debtor shall not be compelled to pay income which would be considered exempt as wages under the Wage Deduction Statute. The court may modify an order for installment payments, from time to time, upon application of either party upon notice to the other.

(3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an

action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement. A judgment creditor may recover a corporate judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition within the citation proceedings.

(4) Enter any order upon or judgment against the person cited that could be entered in any garnishment proceeding.

(5) Compel any person cited to execute an assignment of any chose in action or a conveyance of title to real or personal property or resign memberships in exchanges, clubs, or other entities in the same manner and to the same extent as a court could do in any proceeding by a judgment creditor to enforce payment of a judgment or in aid of the enforcement of a judgment.

(6) Authorize the judgment creditor to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt, forbid the transfer or other disposition of the debt until an action can be commenced and prosecuted to judgment, direct that the papers or proof in the possession or control of the debtor and necessary in the prosecution of the action be delivered to the creditor or impounded in court, and provide for the disposition of any moneys in excess of the sum required to pay the judgment creditor's judgment and costs allowed by the court.

(d) No order or judgment shall be entered under subsection (c) in favor of the judgment creditor unless there appears of record a certification of mailing showing that a copy of the citation and a copy of the citation notice was mailed to the judgment debtor as required by subsection (b).

(e) All property ordered to be delivered up shall, except as otherwise provided in this Section, be delivered to the sheriff to be collected by the sheriff or sold at public sale and the proceeds thereof applied towards the payment of costs and the satisfaction of the judgment. If the judgment debtor's property is of such a nature that it is not readily delivered up to the sheriff for public sale or if another method of sale is more appropriate to liquidate the property or enhance its value at sale, the court may order the sale of such property by the debtor, third party respondent, or by a selling agent other than the sheriff upon such terms as are just and equitable. The proceeds of sale, after deducting reasonable and necessary expenses, are to be turned over to the creditor and applied to the balance due on the judgment.

(f)(1) The citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first. The third party may not be obliged to withhold the payment of any moneys beyond double the amount of the balance due sought to be enforced by the judgment creditor. The court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser.

(2) The court may enjoin any person, whether or not a party to the supplementary proceeding, from making or allowing any transfer or other disposition of, or interference with, the property of the judgment debtor not exempt from the enforcement of a judgment, a deduction order or garnishment, or the property or debt not so exempt concerning which any person is required to attend and be examined until further direction in the premises. The injunction order shall remain in effect until vacated by the court or until the proceeding is terminated, whichever first occurs.

(g) If it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings.

(h) Costs in proceedings authorized by this Section shall be allowed, assessed and paid in accordance with rules, provided that if the court determines, in its discretion, that costs incurred by the judgment creditor were improperly incurred, those costs shall be paid by the judgment creditor.

(i) This Section is in addition to and does not affect enforcement of judgments or proceedings supplementary thereto, by any other methods now or hereafter provided by law.

(j) This Section does not grant the power to any court to order installment or other payments from, or compel the sale, delivery, surrender, assignment or conveyance of any property exempt by statute from the enforcement of a judgment thereon, a deduction order, garnishment, attachment, sequestration, process or other levy or seizure.

(k) (Blank).

(k-5) If the court determines that any property held by a third party respondent is wages pursuant to Section 12-801 [735 ILCS 5/12-801], the court shall proceed as if a wage deduction proceeding had been filed and proceed to enter such necessary and proper orders as would have been entered in a wage deduction proceeding including but not limited to the granting of the statutory exemptions allowed by Section 12-803 [735 ILCS 5/12-803] and all other remedies allowed plaintiff and defendant pursuant to Part 8 of Article 12 of this Act [735 ILCS 5/12-801 et seq.].

(k-10) If a creditor discovers personal property of the judgment debtor that is subject to the lien of a citation to discover assets, the creditor may have the court impress a lien against a specific item of personal property, including a beneficial interest in a land trust. The lien survives the termination of the citation proceedings and remains as a lien against the personal property in the same manner that a judgment lien recorded against real property pursuant to Section 12-101 remains a lien on real property [735 ILCS 5/12-101]. If the judgment is revived before dormancy, the lien shall remain. A lien against personal property may, but need not, be recorded in the office of the recorder or filed as an informational filing pursuant to the Uniform Commercial Code [810 ILCS 5/1-101 et seq.].

(l) At any citation hearing at which the judgment debtor appears and seeks a declaration that certain of his or her income or assets are exempt, the court shall proceed to determine whether the property which the judgment debtor declares to be exempt is exempt from judgment. At any time before the return date specified on the citation, the judgment debtor may request, in writing, a hearing to declare exempt certain income and assets by notifying the clerk of the court before that time, using forms as may be provided by the clerk of the court. The clerk of the court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor, or the judgment creditor's attorney, regarding the time and location of the hearing. This notice may be sent by regular first class mail. At the hearing, the court shall immediately, unless for good cause shown that the hearing is to be continued, shall proceed to determine whether the property which the judgment debtor declares to be exempt is exempt from judgment. The restraining provisions of subsection (f) shall not apply to any property determined by the court to be exempt.

(m) The judgment or balance due on the judgment becomes a lien when a citation is served in accordance with subsection (a) of this Section. The lien binds nonexempt personal property, including money, choses in action, and effects of the judgment debtor as follows:

(1) When the citation is directed against the judgment debtor, upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation.

(2) When the citation is directed against a third party, upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation.

The lien established under this Section does not affect the rights of citation respondents in property prior to the service of the citation upon them and does not affect the rights of bona fide purchasers or lenders without notice of the citation. The lien is effective for the period specified by Supreme Court Rule.

This subsection (m), as added by Public Act 88-48, is a declaration of existing law.

8